United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL J. ROSENBLEDT, Trustee,

    Plaintiff,

    v.

GUILLERMO SALGADO, et al.,

    Defendant.

_____/

No. C 10-1206 PJH

**ORDER GRANTING MOTION TO REMAND**

Plaintiff's motion to remand this action to the Superior Court of California, City and County of San Mateo, came on for hearing before the court on May 18, 2010. The matter was heard on shortened time. Plaintiff Daniel J. Rosenbledt ("plaintiff" or "Rosenbledt"), appeared through Joanna Kozubal. Defendant Rosa Perez ("Rosa Perez" or "defendant"),[1] who failed to file a timely opposition brief, as instructed in the court's May 7, 2010 order shortening time on the motion, failed to appear. Having read the papers before it, and carefully consider the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion, as stated at the hearing, and for the following reasons.

Plaintiff filed this unlawful detainer action in San Mateo County Superior Court on

---

[1] The court takes note of the fact that the underlying state court complaint named only Guillermo Salgado as defendant, not Rosa Perez. Mr. Salgado appears to have been the prior owner of the property in question (to whom the plaintiff, as the new owner pursuant to a Trustee's Sale, had the unlawful detainer papers delivered), and Ms. Perez appears to have been a renter on the premises. Ms. Perez did, however, file a pre-judgment claim of right to possession in response to the unlawful detainer action, and after making other state court filings, removed the action to this court. The court is not convinced, based on the foregoing, that Ms. Perez is a true named defendant in this action. Notwithstanding this doubt, however, and in view of the following analysis, the court proceeds to adjudicate the matter presented herein.

January 5, 2010. Defendant removed the action on March 23, 2010, claiming without reference to any substantive provision of the complaint, that the action implicates "federal question jurisdiction." See Notice of Removal at 2:1-3. A state court action is removable if the claim is one over which a federal district court has original jurisdiction under 28 U.S.C. § 1441. When a case is removed on the basis of federal question jurisdiction, the federal question must be clear from the face of the complaint in the state court action. See Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936); see also Franchise Tax Bd. v. Const. Laborers Vacation Trust for So. Cal., 463 U.S. 1, 10 (1983)(it is insufficient that a federal question is raised as a defense or as a counterclaim); Rath Packing Co. v. Becker, 530 F.2d 1295, 1303-04 (9th Cir. 1975)(same).

Here, although the removal notice contains certain averments regarding the proceedings and filings that are a part of the record in the underlying state court proceedings, the fact that venue is proper in this district, and conclusory invocations of original and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1446(b), the notice nowhere mentions the existence of any federal claim in the underlying action that would give rise to federal question jurisdiction.

Turning to the underlying complaint itself - attached to the Notice of Removal along with numerous other unexplained documents - it appears to the court that no federal claim has actually been stated. Rather, the complaint is an unlawful detainer action. This is a state law claim, and relief is specifically pled pursuant to California statutory law, under California Code of Civil Procedure § 1161a. See Complaint. Accordingly, there is no basis for federal question jurisdiction that appears from the face of the underlying state court complaint, and no substantiated assertion by defendant that federal question jurisdiction otherwise exists by operation of law.

Moreover, the court notes that in addition to failing to adequately set forth grounds justifying removal of the action, defendant's notice of removal was untimely. Defendant concedes in her notice of removal that she was served with the complaint on or about

2

<mark>United States District Court</mark>
For the Northern District of California

1 February 5, 2010.  See Notice of Removal, ¶ 3.  Yet she did not file her notice of removal
2 until March 23, 2010 – approximately 46 days after service of the complaint, and more than
3 two weeks beyond the 30 day limit imposed by 28 U.S.C. § 1446(b).

4     As the court can discern neither a basis for the existence of federal subject matter
5 jurisdiction from the complaint on file, nor satisfy itself that a timely notice of removal was
6 filed in the first instance, the court furthermore finds that defendant has failed to discharge
7 her burden of effecting timely removal.  See Hunter v. Philip Morris USA, 582 F.3d 1039,
8 1042 (9th Cir. 2009)(burden of establishing federal jurisdiction lies with removing
9 defendant); see also Maniar v. Federal Deposit Ins. Co., 979 F.2d 782, 786 (9th Cir. 1992);
10 28 U.S.C. § 1447(c)(a district court must sua sponte remand an untimely notice of removal
11 within 30 days of removal if a motion for remand is not filed).

12     In sum, because this court lacks subject matter jurisdiction over the complaint, and
13 additionally because the notice of removal was untimely filed, plaintiff's motion is
14 GRANTED.  This case was improperly removed and must be REMANDED to the San
15 Mateo Superior Court.

**IT IS SO ORDERED.**

Dated: May 18, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

3